## PANTY *v.* PANTY ET AL.

[No. 10,396.   Filed December 21, 1920.]

1.  DIVORCE.— *Judgment.— Collateral Attack.—* A decree of divorce rendered with jurisdiction of the parties is not subject to collateral attack.   p. 487.
2.  JUDGMENT.—*Collateral Attack.—Fraud.—Party's Own Act in Applying for Change of Venue.—Courts.—*Fraud in bringing about a change of venue cannot be inferred from the fact that the complaining party did not fully comprehend the meaning and legal effect of the motion for such change prepared by her attorneys and signed by her.   p. 487.
3.  ATTORNEY AND CLIENT.— *Associate Counsel.— Acts Bind Party.—*A party is bound by the acts of an attorney not employed by her but employed by her attorney as his associate counsel.   p. 487.
4.  PROCESS.— *Amended Complaint.— New Summons Not Required.—Courts.—Divorce.—*The filing of an amended complaint charging an additional ground of divorce does not render a new summons necessary when the court has jurisdiction of the cause and of defendant who is represented by counsel, and jurisdiction is not lost by reason of such amendment.   p. 488.
5.  DIVORCE.—*Time of Trial.—Statute Forbidding Trial Within Sixty Days of Filing Held Void.—*Section 1072 Burns 1914, Acts 1913 p. 76, providing that the trial of no suit for divorce shall be heard within sixty days of the filing of the suit, is invalid because it seeks to amend a section of statute which had theretofore been repealed by implication.   p. 488.

From Laporte Circuit Court; *James F. Gallaher,* Judge.

Action by Mary Panty against Martin T. Panty and others.   From judgment for defendants, the plaintiff appeals.   *Affirmed.*

*Martin R. Sutherland* and *Ralph N. Smith,* for appellant.

*Kenefick &˙ Kenefick* and *McInernys, Yeagley & McVicker,* for appellees.

REMY, C. J.—Suit by appellant against appellee for divorce.   To appellant's complaint appellee filed a plea

in abatement setting up that, on December 11, 1917, in the superior court of St. Joseph county, Indiana, in a suit previously commenced by appellee against appellant, a trial was had and a decree rendered by said court granting appellee a divorce from appellant; that the decree, which is a final judgment, is unappealed from, and is in full force and effect. To this plea in abatement appellant filed an answer in denial, also a special answer, the theory of which is that the St. Joseph Superior Court was without jurisdiction at the time, and that the decree granting a divorce to appellee was therefore void. A reply in denial to the second paragraph of answer to the plea in abatement closed the issues. Upon the issues thus joined, the cause was submitted to the court for trial upon the plea in abatement. At the request of appellant the court made a special finding of the facts, and stated its conclusions of law, sustaining the plea in abatement. Exceptions to the conclusions of law present the only questions.

The facts found by the court are in substance as follows: Appellee filed his complaint against appellant for divorce in the Laporte Circuit Court, on November 17, 1917, on which day a summons issued thereon was served by the sheriff of the county upon appellant, by reading, commanding her to appear in court and answer the complaint on December 4, 1917; that appellant employed one P. C. Fergus, an attorney residing in the city of South Bend, to appear for her in the cause; that Fergus in turn employed one Leonard Henoch, an attorney residing in the city of Laporte, to assist him as local counsel; that said attorneys prepared and filed in the Laporte Circuit Court a motion for a change of venue, which motion was signed and sworn to by appellant; but that appellant at the time "did not comprehend the full meaning or legal effect of said motion, except that it was a paper that would help her hus-

band get a divorce"; that the venue of the cause was thereupon changed to the St. Joseph Superior Court, the change to said court being made "by agreement of the parties," such agreement being made by their respective attorneys, appellant at the time being represented in court by said P. C. Fergus; that thereupon, on December 11, 1917, appellee filed an amended complaint, which complaint charged an additional ground for divorce; that, on December 11, 1917, after appellant by her attorneys had filed an answer in denial to such amended complaint, the cause was submitted to the court for trial, and upon hearing the evidence the court found for appellee, that he was entitled to a decree for divorce, which was accordingly entered of record, and from which no appeal has been prayed.

If, under the facts found as above stated, the St. Joseph Superior Court had jurisdiction of the parties, the decree of that court granting the divorce to

1. appellee is not subject to collateral attack, and this cause must be affirmed. It is contended by appellant that the St. Joseph Superior Court was without jurisdiction, and the decree is absolutely void for the following reasons: (1) That the jurisdiction of that court was secured by fraud; (2) that no summons was issued and served upon appellant after the filing of the amended complaint which charged an additional ground for divorce; and (3) that the suit was tried and determined and decree entered, within sixty days from the filing of the complaint, in violation of §1072 Burns 1914, Acts 1913 p. 76.

There is not, as assumed by appellant, any finding by the trial court that the change of venue was brought about by fraud. There is no finding that appel-

2-3. lant was fraudulently induced to sign the motion for a change of venue. Her act in signing the motion was voluntary. Fraud cannot be inferred from

the fact that appellant did not fully comprehend the meaning and legal effect of the motion which was prepared and filed by her attorneys. Although appellant had not employed the attorney who appeared for her at the time the change of venue was granted, she was, nevertheless, bound by his acts, he having been employed by her attorney as his associate counsel. *Reich* v. *Cochran* (1905), 105 App. Div. 542, 94 N. Y. Supp. 404.

There is no merit in appellant's contention that the St. Joseph Superior Court was without jurisdiction because summons was not issued by that court, and

4. served upon appellant commanding her to appear and answer the amended complaint. The St. Joseph Superior Court, by virtue of the personal service of the summons issued by the Laporte Circuit Court before the venue of the cause was changed, had jurisdiction of the cause and of appellant who was the defendant therein, which jurisdiction was not lost by reason of the amendment. The court having jurisdiction of the cause and of appellant, and appellant being represented by counsel appearing at the time, was bound to take notice of the filing of the amended complaint charging other grounds for divorce.

The trial court found that appellee's suit against appellant for divorce was commenced November 17, 1917, and on December 11, 1917, twenty-four days

5. thereafter, the cause was tried and a decree of divorce granted to appellee. The act of February 28, 1913 (Acts 1913 p. 76, §1072 Burns 1914), among other things, provides that the trial of no suit for divorce "shall be heard within sixty days of the filing of the suit." This statute is jurisdictional and, if it is valid, the decree of the St. Joseph Superior Court is absolutely void. See *Grannis* v. *Superior Court* (1905), 146 Cal. 245, 79 Pac. 891, 106 Am. St. 23.

It is earnestly contended by appellee that §13 of the act of 1873, as amended by the act of February 28, 1913, is invalid for the reason that the said section which the act of February 28, 1913, purports to amend was repealed by implication upon the enactment of the Civil Code, as amended by the act of March 8, 1883 (Acts 1883 p. 199, §540 Burns 1914). Section 13, *supra,* as originally enacted (Acts 1873 p. 107, §1037 R. S. 1881) was as follows: "The cause shall stand for issue and trial at the first term of the court after the summons has been personally served upon the defendant ten days, or publication has been made thirty days, before the first day of such term."

The amendment sought to be made by the aforesaid act of February 28, 1913, was by adding thereto the words: "But in no case shall such trial be had within sixty days of the filing of the suit." In 1881 there was enacted what is designated as the Civil Code (Acts 1881 p. 240), §367 of which act made provision as to when all actions should stand for issue and trial, not mentioning specifically suits for divorce. In 1883, said §367 of the Civil Code was amended by adding thereto the following provision: "And it is also provided that the provisions of this act shall apply to all suits and proceedings for divorce the same as in all other actions." It will be observed that, under §13 of the original act of 1873, it was impossible for a divorce suit to be tried during the next term of court following the filing of the complaint, unless service of summons was had at least ten days, or publication had been made at least thirty days, before the first day of such term; while under §367 of the Civil Code as amended by act of 1883, *supra,* a plaintiff in all civil actions, including divorce, may by indorsement upon the complaint fix a return day during the term, and if service was had ten days, or

publication made thirty days, before such return day, the action may be tried at such term.

It is clear that said §367 of the Code, as amended by act of 1883, *supra*, is not supplemental to §13 of the act of 1873, *supra*. The two sections cannot be construed together, but are repugnant. Certainly §367 of the Code, as amended by the act of 1883, *supra,* covers every provision of §13 as originally enacted, and adds thereto new provisions. It follows that §13 was by the enactment of 1883 repealed by implication. *Thomas* v. *Town of Butler* (1894), 139 Ind. 245, 250, 38 N. E. 808.

We must therefore hold that the St. Joseph Superior Court was authorized to try the cause, and render the judgment for divorce within sixty days of the time of filing the suit. Appellant's remedy, if any, was by suit to set aside the decree, and not by collateral attack.

Judgment affirmed.